Ruffin, C. J.
 

 The statutes provide iu whieh particular Superior Courts of law or County Courts, actions shall be brought, but there is. no such provision in respect to the Courts of Equity. The Act of 1782 gave to the Court ofEquity in each district “all the powers and authorities within the same, that the Court of Chancery, which was formerly held under the colonial government, used and exercised, and that are properly incident to such a Court,” and the Act of 1806 transferred the same jurisdiction to the Courts of Equity, thereby established in each county. According to the terms of the grant, taken literally, each court would seem to have jurisdic
 
 *234
 
 tion over all persons, wherever resident, upon whom process was served, and without regard to the situation of the thing, which might be the subject of litigation, inasmuch as there was but one colonial Court and its jurisdiction was eo-extensive with the province. But the Court is not aware, that the provision has been received in that broad signification, in reference to the territorial jurisdiction of the respective counties, but only as to the nature of the rights, cognizable in equity, and the redress to be afforded in those Courts. It has never been under, stood, that, where the parties live, and the land, for example, lies in a particular County, a person could institute a suit in the Court of a county, situate in another extremity of the State, and there has been no instance of the kind, we believe. On the other hand, without the point having been brought before the Courts, as far as we are aware, it' has seemed to be generally considered, that the several Courts of Equity would, as between themselves, follow, in the main, the rule of the statute, dividing the jurisdiction between the several Superior Courts of law ; at least, as far as the residence of one of the parties in a particular county confers jurisdiction on the Court of that counly. We are not informed, that, unless in a case of land, a bill has ever been filed in a county, in which neither of the parties resided ; nor that it has ever been doubted, that a bill may be filed in a county, in which any one of the parties resides. Then, if equity is to follow the law' upon this head, it would appear, that a bill touching the realty must be local, as actions of ejectment and trespass
 
 quare clausumfregit,
 
 are. That is certainly not true, however, to the full extent: for, while an action of ejectment for each parcel of land in the count}' where it lies, is authorised, one bill will lie for land in many Counties or even for a conveyance or partition of land, situate in another government, as the jurisdiction is primarily in
 
 personam.
 
 Because the jurisdiction is of that character,
 
 *235
 
 it is contended, in support of the pica, that the subject being land cannot affect this question. It must be yielded that the Court of a county cannot decree, in respect land, merely because it is within it, and without process to the person. Still, in regulating the jurisdiction of the several Courls of Equity, as between themselves, when there is no legislative mandate, it is very proper those Courts should, in cases, in which the parties are personally brought in, have regard to the conveniences of the suitors and witnesses and the saving of expense, and entertain a suit respecting land, because of its being situated within the county ; since, most frequently, the evidence of identity, of fraud in the conveyance, of the profits and improvements, is to be drawn from the neighborhood of the land. Therefore as the statute is silent on the subject, and the Courts of Equity are under the necessity of adjusting their jurisdiction between themselves, it seems to be, in itself, a reasonable ground for entertaining a bill that it is brought in respect to land, lying in the county, in which the suit is instituted. It is in conformity, also, with the rule, prescribed by the statutes, for partition, either in the Courts of law or equity. We do not mean to say that the bill in all cases must be filed where the land lies, for no doubt it may be filed where any or either of the parties may reside. But we think it ought also to be allowable, that suit may be brought in the county, in which the land lies. There is no error in the interlocutory decree appealed from, and it must be so certified to the Court of Equity of Cabarrus County.
 

 Per Curiam.
 

 Ordered to be certified accordingly.